IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>WESLEY A. ROBERTS,<br><br>　　　　　　　　Defendant. | 4:14-CR-3016<br><br>PRELIMINARY ORDER OF FORFEITURE |

　　　　This matter is before the Court on the plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 38). Defendant was charged in a two-count indictment with receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (count I), and possession of child pornography, in violation of 18 U.S.C. § 2252a(4)(B). Filing 1. The indictment also contained a forfeiture allegation seeking the forfeiture, pursuant to 18 U.S.C. § 2253, of one Samsung Tracphone, SCH-R451C(ST) (the "Subject Property"), on the basis that it was used or was intended to be used to facilitate the violation alleged in Counts I and II. Filing 1.

　　　　The defendant has pleaded guilty to Count II of the indictment and admitted the forfeiture allegation.[1] Filing 35; filing 40 at 18. By virtue of pleading guilty to Count II and admitting the forfeiture allegation, the defendant has forfeited his interest in the Subject Property, and the plaintiff should be entitled to possession of the property pursuant to 18 U.S.C. § 2253. Therefore, the plaintiff's motion for a preliminary order of forfeiture is granted.

　　　　IT IS ORDERED:

　　　　1.　　The plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 38) is granted.

　　　　2.　　Based upon the defendant's guilty plea and admission of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the Subject Property described above.

　　　　3.　　The defendant's interest in the Subject Property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 18 U.S.C. § 2253 (incorporating certain provisions of 21 U.S.C. § 853).

　　　　4.　　The Subject Property is to be held by the plaintiff in its secure custody and control.

---

[1] The defendant has pleaded guilty without a plea agreement, and Count I is currently set for a separate change of plea hearing following sentencing on Count II. *See* filings 33 and 37.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 31st day of July, 2015.

                                          BY THE COURT:

                                          *John M. Gerrard*
                                          John M. Gerrard
                                          United States District Judge